# RESCRIPT OPINIONS.

THE PRIMATE AND BISHOPS' SYNOD OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE RUSSIA vs. THE RUSSIAN ORTHODOX CHURCH OF THE HOLY RESURRECTION, INC., & others.[1] July 6, 1994. *Religion. Jurisdiction,* Ecclesiastical controversy.

This case involves a church property dispute, brought about by a decision of the defendant corporation to leave the plaintiff, an umbrella organization of the Russian Orthodox Church outside of Russia (ROCOR), and join a different umbrella organization of the Orthodox Church. After a trial before a Superior Court judge, judgment entered for the defendants. The judge found that: (1) although ROCOR and the defendant parish were hierarchical in matters of faith and polity, the defendant parish was congregational in terms of property ownership, see *Antioch Temple, Inc.* v. *Parekh,* 383 Mass. 854, 861-862 (1981); (2) the vote to amend the by-laws of the defendant was legal and proper; (3) the amendment of the articles of organization and the withdrawal of the defendant parish from the plaintiff umbrella organization was legal and proper; and (4) the defendant parish is the sole owner of all its assets. The Appeals Court affirmed the judgment of the Superior Court. 35 Mass. App. Ct. 194 (1993). The issue argued before the Appeals Court was that the judge's findings were clearly erroneous. After careful review of the record, the Appeals Court concluded the contrary. Our review of the record brings us to the same conclusion, namely, that the judge's findings of fact were not clearly erroneous and hence must stand.

We granted the plaintiff's application for further appellate review. We did so primarily to give the parties an opportunity to argue whether our decision in *Fortin* v. *Roman Catholic Bishop of Worcester,* 416 Mass. 781 (1994), decided after trial and after the Appeals Court's decision, warranted a different result. The parties availed themselves of this opportunity. We conclude that nothing in *Fortin* v. *Roman Catholic Bishop of Worcester, supra,* would alter the result. In *Fortin, supra* at 786-787, we continued our recognition of the principle that a church could be either hierarchical or congregational in structure, or that it would be a mix of

---

[1] Victor Melehov, rector; Peter Farnsworth, deacon; and Gregory Melehov, Nina Marcinowski, Lydia Boyko, Peter Chaplain, Elizabeth Chisholm, Alexandra Logozinska, and Halena Michajlow, members of the parish council of the defendant corporation.

both, citing *Antioch Temple, Inc.* v. *Parekh, supra* at 860-864 (see especially *id.* at 861-862). Both the trial judge and the Appeals Court (35 Mass. App. Ct. at 196-197) correctly applied that principle. To the extent *Fortin* discusses the doctrine of neutral principles, see *Fortin, supra* at 788-789, the result is the same. "Under the neutral principles of law approach, we may examine any relevant statute, the deeds to the property in question, and any pertinent constitutions or by-laws of the organization involved." *Id.* at 788. The judge and the Appeals Court concluded, as do we, that under this approach the defendants prevail. The judge's exercise of jurisdiction over the property dispute was proper under either the traditional approach or the neutral principles approach. The plaintiff's attempt to recast the case as one involving a question of polity fails. Thus, for the reasons stated in the opinion of the Appeals Court, we affirm the judgment of the Superior Court.

*So ordered.*

*John O. Mirick* (*Joan O. Vorster* with him) for the plaintiff.

*Dale R. Harger* for the defendants.

*Edward McGlynn Gaffney, Jr.*, of Indiana, & *Thomas W. Porter*, for National Council of Churches of Christ in the U.S.A. & others, amici curiae, submitted a brief.